# APPENDIX TO VOL. XXIV.*

EDMUND RAINES, plaintiff in error, vs. SAMUEL P. CORBIN and wife, defendants in error.

McDONALD, J. dissenting.

The land in controversy having been purchased by the testator after the making of his will, did not pass by it. Notwithstanding the strong expressions in the will, that the devise and bequest of property real and personal to his wife, should be in lieu and bar of dower and of the usual allowance to widows for their year's support, in lieu and in bar of all other claims on the testator's estate, in any manner whatever, yet the land purchased by the testator after the making of the will, necessarily passed to her as his heir at law. It is in vain to search the will for a provision which looks to the purchase of lands, or the disposition of after purchased lands. It is not to be found there. The title was obliged to go, on the death of the testator, where the law cast it. "If a man devises real estate to J. S. and his heirs, and signifies or indicates his intention, that if J. S. die before him, it should not be a lapsed legacy, yet unless he had nominated another legatee, the heir at law is not excluded, notwithstanding the testator's declaration." *Sibley vs. Cook*, 3 *Atk.* 572. If, in this case, the heir at law does not take the land, where does it go? It cannot go to the brothers and sisters, as devisees,

---

* The dissenting opinions in this appendix, were not in the Reporter's hands. at the time it was necessary to put the cases to press.

because it is not given to them. It cannot go to them as heirs at law, because they are not heirs at law. It is not like an election between a bequest or devise under a will given in lieu of dower, and the dower which vests in the widow on the death of her husband. Such provisions are usually made by testators, either in favor of their heirs at law or a devisee of land. The testator cannot defeat the wife's right of dower, against her will; hence, when he does what he can towards it by giving her something expressed to be in lieu of it, she must make her election, for she cannot take both. But there is no devise over of the land in this case to any one, and she is herself the heir at law. If the testator intended, as he probably did, that the widow should have no more of his estate, real or personal, than he had bequeathed or devised to her, whether acquired subsequently to the making the will or not, he has not so framed his will as to give effect to such intention. He ought to have so written his will as to have disposed of land subsequently purchased by him. The doctrine of election cannot apply to the case.

But it is alleged that the widow had the land examined with a view to purchase it at the executor's sale, and that her agent attended the sale for the purpose of bidding for it. This is evidence, that she supposed, as a matter of fact, that she had no title, and that the title was in the executor for the benefit of the other devisees. This was certainly not so. If she acted in ignorance of her rights, it certainly cannot be imputed to her as a fraud. In fact, the purchaser, who was a devisee under the will, had the same opportunity of knowing the facts of the case, as the widow, and he is to be presumed to have purchased under the same mistake as to the title that the widow did, and to have purchased a bad title with no evil intention. He purchased and paid for the land, and made improvements thereon, supposing that he had an absolute title to it, and knowing also, that no adverse claim was set up to it by the person now claiming to be the owner, who knew of his purchase and improvements. The bill

ought, under these circumstances, to be retained, and the defendants required to answer, for the purpose of inquiring into the purchaser's right to have his purchase money returned, and to be paid for improvements made in good faith.

[See judgment in this case, at page 185.